PROSKAUER ROSE LLP
Lawrence R. Sandak
Mark A. Saloman
One Newark Center, 18th Floor
Newark, New Jersey 07102
973-274-3200 or 212-736-8185

Attorneys for Defendants
  *Club Fit Management, Inc., Jefferson Valley*
  *Racquet Club, Inc., David Swope, Beth Beck,*
  *and Bill Beck*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
TODD BAZZINI, GREGORY LEONARCZYK, :
NOAH ALLEN, and JOHN MARKIEWICZ, :
Individually and on behalf of all other persons : Civil Action No. 08 Civ 4530 (BSJ)(MHD)
similarly situated, :
 :
                Plaintiffs, : Document Electronically Filed
 :
  -against- :
 :
CLUB FIT MANAGEMENT, INC., JEFFERSON :
VALLEY RACQUET CLUB, INC., DAVID :
SWOPE, BETH BECK and BILL BECK, :
 :
                Defendants. :
---------------------------------------------------------------x

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Club Fit Management, Inc., Jefferson Valley Racquet Club, Inc. (hereinafter with Club Fit as "Club Fit"), David Swope, Beth Beck, and Bill Beck (collectively, "Defendants"), by and through their attorneys, Proskauer Rose LLP, answer the purported Collective Action Complaint (the "Complaint") as follows:

## AS TO THE NATURE OF THE ACTION

1. Defendants deny the allegations in paragraph 1 of the Complaint, except to admit that plaintiffs purport to assert an action on behalf of themselves and a purported class of other similarly situated current and former employees of Club Fit, pursuant to the Fair Labor Standards Act (the "FLSA") and the New York State Labor Law; that Club Fit is a health and fitness club with locations in Briarcliff Manor and Jefferson Valley, New York; and that plaintiffs are former Club Fit employees. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations that other current or former employees are joining or intend to join this action and further deny that a "collective action" is appropriate in this case. Defendants further deny that they have violated the FLSA, New York Labor Law, or otherwise engaged in any other unlawful conduct.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint except to admit that plaintiffs purport to assert an action on behalf of themselves and a purported class of other similarly situated current and former employees of Club Fit who elect to opt in to the action, pursuant to the FLSA. Defendants further deny that plaintiffs are entitled to any relief, including but not limited to, relief in the form of unpaid wages, injunctive relief, liquidated damages, and/or payment of attorneys' fees and costs. Defendants deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action and further deny that a collective action is appropriate in this case.

4. Defendants deny the allegations in paragraph 4 of the Complaint except to admit that plaintiffs purport to assert an action pursuant to the New York Labor Law. Defendants further deny that plaintiffs are entitled to any relief pursuant to the New York Labor Law.

## AS TO THE JURISDICTION AND VENUE

5.      The allegations contained in paragraph 5 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny.  To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint and leave plaintiffs to their proofs.

6.      The allegations contained in paragraph 6 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny.  To the extent a response is required, Defendants deny the allegations contained in paragraph 6 of the Complaint except to admit that Club Fit is a health and fitness club with locations in Briarcliff Manor and Jefferson Valley, New York and employed the plaintiffs.

7.      The allegations contained in paragraph 7 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny.  To the extent a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint and leave plaintiffs to their proofs.  Defendants further aver that no declaratory judgment is warranted because they have not violated any law nor engaged in unlawful conduct.

## AS TO THE PARTIES

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except to admit that plaintiff Todd Bazzini was employed by Club Fit as a tennis instructor from on or about May 13, 1993 to September 1, 2006.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except to admit that plaintiff Gregory Leonarczyk was employed by Club Fit as a tennis instructor from on or about June 29, 1998 to January 6, 2008.

-4-

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except to admit that plaintiff Noah Allen was employed by Club Fit as a tennis instructor from on or about February 19, 1996 to October 8, 2005.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except to admit that plaintiff John Markiewicz was employed by Club Fit from on or about September 24, 2001 to February 3, 2006.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint, except to admit that Club Fit is a health and fitness club with locations in Briarcliff Manor and Jefferson Valley, New York.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except to admit that Club Fit is a health and fitness club with locations in Briarcliff Manor and Jefferson Valley, New York.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, except to admit that David Swope has an ownership interest in Club Fit.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except to admit that Beth Beck is the President of Club Fit and has an ownership interest in Club Fit.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, except to admit that Bill Beck is Vice President, Club Operations of Club Fit.

17. To the extent a response is required to plaintiffs' asserted terminology, Defendants admit the assertion contained in paragraph 17 of the Complaint.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

18. The allegations in paragraph 18 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent that a response is required, Defendants deny the allegations in paragraph 18 of the Complaint, except admit that plaintiffs purport to prosecute their FLSA claims on behalf of "Collective Action Members." Defendants deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action and further deny that a collective action is appropriate in this case.

19. The allegations in paragraph 19 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent that a response is required, Defendants deny the allegations in paragraph 19 of the Complaint, except admit that plaintiffs purport to prosecute their FLSA claims on behalf of "Collective Action Members." Defendants deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action and further deny that a collective action is appropriate in this case.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except to admit that Club Fit employs a number of individuals in a variety of different positions.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint. Defendants deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action, and further deny that a collective action is appropriate in this case.

## AS TO THE STATEMENT OF FACTS

23. Defendants admit the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny the allegations contained in paragraph 25 of the Complaint and leave plaintiffs to their proofs.

26. Defendants admit the allegations in paragraph 26 of the Complaint, with the exception that Allen was employed as a Tennis Manager, a salaried management position, from on or about September 7, 2004 to June 27, 2005.

27. Defendants admit the allegations in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny the allegations contained in paragraph 28 of the Complaint and leave plaintiffs to their proofs.

29. The allegations contained in paragraph 29 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny the allegations contained in paragraph 29 of the Complaint and leave plaintiffs to their proofs.

30. Defendants deny the allegations in paragraph 30 of the Complaint, except to admit that Bazzini, Allen, and Leonarczyk provided tennis instruction and related services, personally accounted for the hours which they worked, and were paid for the hours which they claimed to have worked.

31. Defendants deny the allegations in paragraph 31 of the Complaint, except to admit that Markeiwicz generally worked between 10 and 40 hours per week as a Fitness Professional and occasionally worked as a Personal Trainer.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint, except to admit that Leonarczyk became a Coordinator on or about July 1, 2003, for which he was paid additional wages.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint, except to admit that Allen was employed as a Tennis Manager, a salaried management position, from on or about September 7, 2004 to June 27, 2005.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint, except to admit that Allen was employed as a Tennis Manager, a salaried management position, from on or about September 7, 2004 to June 27, 2005.

40. Defendants deny the allegations in paragraph 40 of the Complaint, except to admit that Club Fit policy prohibited employees eligible to receive overtime pay from working more than 40 hours in a work week absent prior approval from their manager(s).

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint, except to admit that Leonarczyk and Allen occasionally worked at tennis tournaments held at a Club Fit location.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint, except to admit that Club Fit policy prohibited employees eligible to receive overtime pay from working more than 40 hours in a work week absent prior approval from their manager(s).

49. Defendants deny the allegations in paragraph 49 of the Complaint, except to admit that Club Fit policy prohibited employees eligible to receive overtime pay from working more than 40 hours in a work week absent prior approval from their manager(s).

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. The allegations contained in paragraph 52 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny the allegations contained in paragraph 52 of the Complaint and leave plaintiffs to their proofs.

53. The allegations in paragraph 53 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny the allegations contained in paragraph 53 of the Complaint and leave plaintiffs to their proofs.

54. Defendants deny the allegations in paragraph 54 of the Complaint, except to admit that plaintiffs personally accounted for the hours which they worked and were paid for the hours which they claimed to have worked.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint, except to admit that Allen may have attended a feedback session with members of management during his employment.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint, except to admit that Leonarcyzk and Bazzini expressed to Beck their interest in working overtime hours.

70. Defendants deny the allegations in paragraph 70 of the Complaint, except to admit that Leonarcyzk and Bazzini expressed their interest to Beck in working overtime hours

and that Beck stated, in words or in substance, that Club Fit policy prohibited employees eligible to receive overtime pay from working more than 40 hours in a work week absent prior approval from their manager(s).

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint, except to admit that Leonarcyzk and Bazzini expressed their interest to Beck in working overtime hours and that Beck stated, in words or in substance, that Club Fit policy prohibited employees eligible to receive overtime pay from working more than 40 hours in a work week absent prior approval from their manager(s).

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint, except deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action.

76. Defendants deny the allegations in paragraph 76 of the Complaint, except deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action.

77. Defendants deny the allegations in paragraph 77 of the Complaint, except deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny knowledge or information sufficient to admit or deny the allegations in paragraph 79 of the Complaint concerning what plaintiffs allegedly heard from other employees.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint, except to admit that Leonarcyzk and Bazzini expressed to Beck their interest in working overtime hours and that Club Fit policy prohibited employees eligible to receive overtime pay from working more than 40 hours in a work week absent prior approval from their manager(s).

83. Defendants deny the allegations in paragraph 83 of the Complaint, except deny knowledge or information sufficient to form a belief that other current or former employees are joining or intend to join this action.

## AS TO THE FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

84. Defendants hereby incorporate their answers to paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85. Defendants deny the allegations in paragraph 85 of the Complaint, except to admit that Jefferson Valley Racquet Club, Inc. has had gross revenues in excess of $500,000.

86. The allegations contained in paragraph 86 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny the allegations contained in paragraph 86 of the Complaint and leave plaintiffs to their proofs.

87. Defendants deny the allegations in paragraph 87 of the Complaint, except to admit that plaintiffs were employed by Briarcliff Racquet and Fitness Associates.

88. Defendants deny knowledge or information sufficient to form a belief that plaintiffs will consent to be parties to this action, as alleged in paragraph 88 of Complaint, and leave plaintiffs to their proofs.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

95. Defendants hereby incorporate their answers to paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96. The allegations contained in paragraph 96 of the Complaint set forth legal conclusions that Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny the allegations contained in paragraph 96 of the Complaint and leave plaintiffs to their proofs.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny the allegations in paragraph 99 of the Complaint.

Defendants deny that plaintiffs, the purported class, or the purported collective action members are entitled to any relief requested in the *ad damnum* clause in the Complaint or to any other relief.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## SEPARATE DEFENSES

At this time, Defendants assert the following Separate Defenses to the Complaint:

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

This case may not be maintained as a collective action because the named plaintiffs are not similarly situated to, nor otherwise adequate representatives for, the persons whom they purport to represent and, thus, they cannot establish the existence of each of the requirements under 29 U.S.C. § 216.

### THIRD SEPARATE DEFENSE

Some or all of plaintiffs' and/or the purported collection action members' claims are barred in whole or in part by the applicable statute(s) of limitations.

### FOURTH SEPARATE DEFENSE

At all relevant times, Defendants acted in accordance with any and all duties and obligations under the FLSA and its regulations, and/or New York Labor Law and its regulations.

### FIFTH SEPARATE DEFENSE

Subject to proof through discovery, plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands, waiver, and/or estoppel.

### SIXTH SEPARATE DEFENSE

Plaintiffs are barred and precluded from any relief because they have failed to mitigate their purported damages.

### SEVENTH SEPARATE DEFENSE

Plaintiffs and/or the purported collection action members lack standing or are otherwise not entitled to bring, maintain, or participate in a collective action under the FLSA.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' demand for injunctive relief is not available under the FLSA and/or state law and should be stricken.

### NINTH SEPARATE DEFENSE

Plaintiffs and/or the collective action members have received full payment for all work performed, thereby barring their claims.

### TENTH SEPARATE DEFENSE

Defendants state, in the alternative, if necessary, that if they failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, which is denied, the uncompensated time is *de minimis*.

### ELEVENTH SEPARATE DEFENSE

Plaintiffs have failed to state a claim over which the Court should invoke supplemental jurisdiction.

### TWELFTH SEPARATE DEFENSE

Plaintiffs' claims for relief under New York law fail because New York law does not provide for mandatory overtime.

### THIRTEENTH SEPARATE DEFENSE

Plaintiffs are barred and precluded from relief, in whole or in part, during the times they were employed as exempt management employees.

### FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims fail to the extent that Defendants did not employ plaintiffs or any other collective action member during all or part of the relevant time period.

### FIFTEENTH SEPARATE DEFENSE

Defendants, in the alternative, if necessary, state that all or part of any time that plaintiffs allege should be paid to them and/or purportedly similarly situated employees is properly preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 254(a), and, therefore, is not compensable.

### SIXTEENTH SEPARATE DEFENSE

Defendants state that their actions with respect to plaintiffs and any other purportedly similarly situated worker and/or collective action members, were taken in good faith with reasonable grounds to believe such conduct comported with the FLSA or interpretations of the FLSA, pursuant to 29 U.S.C. § 260, and/or applicable New York State law.

**SEVENTEENTH SEPARATE DEFENSE**

This Court lacks jurisdiction over some or all of plaintiffs' and/or the collective action members' claims.

**EIGHTEENTH SEPARATE DEFENSE**

Some or all of plaintiffs' and/or the collection action members' claims are preempted in whole or in part.

**NINETEENTH SEPARATE DEFENSE**

To the extent that plaintiffs, and others who are purported similarly situated to plaintiffs, were paid compensation beyond that to which they were entitled while employed by Defendants, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

**WHEREFORE**, Defendants request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendants their costs and attorneys' fees; and granting to Defendants such other relief as the Court may deem just and proper.

Dated: Newark, New Jersey
July 11, 2008

PROSKAUER ROSE LLP

By   *s/ Mark A. Saloman*
   Lawrence R. Sandak (LS 9986)
   Mark A. Saloman (MS 5764)
One Newark Center, 18th Floor
Newark, New Jersey 07102-5211
973.274.3200 or 212.736.8185

Attorneys for Defendants
*Club Fit Management, Inc., Jefferson Valley Racquet Club, Inc., David Swope, Beth Beck, and Bill Beck*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 11, 2008, I caused to be served the foregoing Answer and Separate Defenses to the Complaint by ECF upon the Court and on the following counsel for plaintiffs:

> Adam Gonnelli, Esq.
> Faruqi & Faruqi, LLP
> 369 Lexington Avenue, 10th Floor
> New York, New York 10017

s/<i>Mark A. Saloman</i><br>
Mark A. Saloman